UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD JOHNSON,

    Petitioner,

v.                                               CASE NO. 6:05-cv-300-Orl-31KRS
                                                (6:02-cr-88-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Donald Johnson. The Government filed a timely response to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. No. 6). Petitioner then filed a reply (Doc. No. 10).

### *Procedural History*

Petitioner and four other individuals were charged in a three-count indictment with the commission of various crimes ((Criminal Case No. 6:02-cr-88-Orl-31KRS, Doc. No. 1, filed August 7, 2002).[1] Petitioner was charged in all three counts. Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of guilty to counts two and three of the indictment (Criminal Case Doc. No. 62, filed October 4, 2002).

---

[1] Hereinafter Criminal Case No. 6:02-cr-88-Orl-31KRS will be referred to as "Criminal Case."

United States Magistrate Judge Spaulding held a hearing on the pleas and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 90, filed October 15, 2002). Magistrate Judge Spaulding recommended that the plea agreement and the pleas of guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Court subsequently entered an Order in which 1) the pleas of guilty to counts two and three were accepted, and 2) Petitioner was adjudged guilty of the offenses (Criminal Case Doc. No. 118, filed November 5, 2002).[2] On January 7, 2003, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a total term of 260 months (Criminal Case Doc. No. 156).

Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals. However, he later moved to dismiss the appeal, and the appellate court granted the request for dismissal on April 4, 2003. *See* Criminal Case Doc. No. 237, filed April 7, 2003.

*Petitioner's Section 2255 Motion is Untimely*

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]The Court dismissed count one pursuant to the terms of the plea agreement.

28 U.S.C. § 2255. Petitioner's motion is subject to dismissal because it was not timely filed under the one year period of limitation set forth in section 2255.

In the present case, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal on April 4, 2003,[3] and the judgment of conviction became final on that date. Consequently, Petitioner had until April 4, 2004, to file a section 2255 motion in this case.

The record reflects that Petitioner's section 2255 motion was filed on February 22, 2005, under the mailbox rule.[4] Because Petitioner's section 2255 motion was not filed by April 4, 2004, it is time-barred and must be denied.

Petitioner argues that, since the decisions of *Blakey v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), were entered after his judgment of conviction and sentence became final, the one-year period should be tolled. The Court rejects this argument. In *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Id*. at 868. Hence, those cases cannot toll the one-year period.

---

[3]The Court finds that Petitioner is not entitled to the additional 90 days that are usually available to petition the United States Supreme Court for certiorari. *See* Rule 13 of *The Rules of the Supreme Court of the United States* (providing that the 90-day period runs from the date of the entry of the judgment and not from the issuance date of the mandate). Here, the appeal was dismissed at Petitioner's request, and no "judgment" was entered by the appellate court. The Court notes that the section 2255 motion is still untimely even if the additional 90 day are included in the analysis.

[4]Under the "mailbox rule," the motion would be deemed filed the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

Any other arguments made by Petitioner with regard to the tolling of the one-year period of limitation have been reviewed by the Court and have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed February 25, 2005) filed by Donald Johnson is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:02-cr-88-Orl-31KRS.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 355, filed February 25, 2005) pending in case number 6:02-cr-88-Orl-31KRS.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 5th day of January, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/5
Donald Johnson
Counsel of Record